Kenneth P. Fehl, Esq.
736 East Meadow Drive
Palo Alto, California 94303
U.S.Tax Court Bar No. FK 0068
California State Bar No. 70804
Telephone No. 650-856-3440
Fax No. 650-856-0413

Attorney for Plaintiffs
    Jacob Berger and Evelyn R. Berger

# DISTRICT COURT OF THE UNITED STATES

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BERGER, EVELYN R. BERGER | CASE NO. _____ |
|     Plaintiffs, | |
|     v. | CLAIM FOR TAX REFUNDS |
| | U.S.C. Code §7422 |
| UNITED STATES OF AMERICA | |
|     Defendant. | DEMAND FOR JURY TRIAL |

1. **JURISDICTION.** This Court has jurisdiction over the matters alleged herein by virtue of the denial of PLAINTIFFS' claim for income tax refunds by the Internal Revenue Service of the Department of the Treasury of Defendant UNITED STATES OF AMERICA. The refunds sought by PLAINTIFFS were denied by DEFENDANT in its notice dated June 6, 2018. Under the terms of that denial, DEFENDANT established that PLAINTIFFS could file an objection to that denial of refunds by filing an action in the District Court of

of the United States no later than two years following the receipt of its denial letter. As a result of the Covid-19 closure of the courts, the filing date in question was extended at least to July 31, 2020, making the filing of this claim timely.

**THE PARTIES**

2.  At all time here in mentioned, PLAINTIFF JACOB BERGER is an individual residing in the City of Sunnyvale, State of California.

3.  At all time here in mentioned, PLAINTIFF EVELYN RUTH BERGER is an individual married to PLAINTIFF JACOB BERGER residing in the City of Sunnyvale, State of California.

4.  At all time here in mentioned, DEFENDANT UNITED STATES OF AMERICA which has acted through its Internal Revenue Service of the Department of the Treasury.

5.  There are no other related cases pending in the United States Court of Claims.

**THE CLAIM**

6.  PLAINTIFFs filed their personal tax returns Form 1040 timely for the periods ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, and December 31,2009, respectively.

7.  PLAINTIFFS were audited by the Internal Revenue Service of the Department of the Treasury of Defendant UNITED STATES OF AMERICA for alleged failure to include in their personal income tax returns interest, dividends and capital gains generated by an overseas testamentary trust created by PLAINTIFF EVELYN RUTH BERGER's father, Leo Hess, who was a resident of Switzerland at the time of his death.

8.  In connection with that audit, PLAINTIFFS timely filed amended returns incorporating the interest, dividends and capital gain income from the oversees trust which had been overlooked when they originally prepared the personal income tax returns in question. PLAINTIFFS remitted in full all of the increased tax liabilities associate with these additional income items.

9.  When PLAINTIFFS prepared the amended returns for the five years in question, they failed to incorporate certain capital gain losses and business losses which were also

associated with disbursements from the oversees trust in question and which would have reduced their tax liabilities.

10. On or about April 29, 2015, PLAINTIFFS timely filed second amended returns for the five years in question seeking refunds relating to these offsetting losses the following refunds: $ 18,061 for Year 2005; $31,080 for Year 2006, $27,218 for Year 2007, $8,440 for Year 2008 and $9,353 for Year 2009.

11. These second amended personal income tax returns filed by PLAINTIFFS were audited by the Internal Revenue Service of the Department of the Treasury of Defendant UNITED STATES OF AMERICA. The refunds sought by PLAINTIFFS were denied by DEFENDANT in its notice dated June 6, 2018.

12. PLAINTIFFS specifically allege that they incurred a bad debt loss in Year 2005 in the amount of $238,000 based upon the following factual allegations:

   a. PLAINTIFFS' daughter is Merav Berger. She married Vardi Moscovitch on September 15, 1998, and in August 1999, she and her husband moved to Brooklyn, New York, where they resided at 7th Avenue and 12th Street in Park Slope, Brooklyn, New York.

   b. On or about September 1999, Merav Berger and her husband became partners in a retail tea salon called Tea Lounge which was located at 7th Avenue in Park Slope, Brooklyn, New York. They required $115,000 to become partners in this venture.

   c. Merav Berger and her husband did not have these funds on their own account. They borrowed this sum directly from PLAINTIFFS for this business venture. This obligation was evidenced by a written promissory note.

   d. Between September 1999 through August 2001 PLAINTIFFS contributed additional working capital for the Tea Lounge in the amount of $123,000 which was also evidenced by a written promissory note.

   e. In August 2001, Merav and her husband sold their interest in the Tea Room and moved to Netanya, Israel.

f.   Instead of using the funds from the sale of their partnership interest in the Tea Lounge to pay off their obligation to their parents, Merav and her husband re-invested that sum into a new restaurant called Terragu located at Bitan Aharon, Netanya, Israel.

g.   On or about June 2003 Merav divorced her husband in Israel. As part of the settlement, she retained full ownership of the restaurant and Vardi was forgiven his obligations under these promissory notes. The promissory note of August 25, 1999 and subsequent loans of $123,000 were therefore deemed uncollectible and were treated as bad debt losses effective December 31, 2005.

13. DEFENDANT did not dispute this bad debt loss but disagreed that the loss could be taken before the Year 2010.

14. Following Merav's divorce, PLAINTIFF'S became silent partners in her restaurant and continued to provide working capital funds for that operation. The amount of business loss for Year 2005 was $60,000, which was duly reported in Section 28 of Schedule E in Form 1040. DEFENDANT denied these business losses as an adjustment to income for Year 2005.

15. Had DEFENDANT approved the bad debt capital loss and the business loss, PLAINTIFFS would be entitled to a tax refund in the approximate amount of $18,061 for Year 2005.

16. After application of the capital loss against capital gains in Year 2005, there remained a long-term capital loss carryover in the amount of $212,722 which was duly reported on Line 14 of Schedule D of Form 1040 for the period ending December 31, 2006.

17. Between January 1, 2002 and March 2006, PLAINTIFFS contributed additional working capital for the Tea Lounge in the amount of $264,000.

18. PLAINTIFFS reported an additional bad debt capital loss in the amount of $264,000 on Schedule D of Form 1040 for Tax Year 2006. DEFENDANT did not dispute this bad debt loss but disagreed that the loss could be taken before the Year 2010.

19. PLAINTIFFS remained silent partners in Merav Berger's restaurant during Year 2006, and continued to provide working capital funds for that operation. The amount of business loss for Year 2006 was $27,000, which was duly reported in Section 28 of Schedule E of Form 1040. These losses were duly reported to the Israeli government. DEFENDANT denied these business losses as an adjustment to income for Year 2006.

20. Had DEFENDANT approved the bad debt capital loss and the business loss, PLAINTIFFS would be entitled to a tax refund in the approximate amount of $31,080 for Year 2006.

21. After applying the bad debt loss effective December 31, 2005 and December 31, 2006, respectively, there was a resulting capital loss carryover in the amount of $126,777 which was duly reported on Line 14 of Schedule D. DEFENDANT denied this capital loss deduction for Year 2007.

22. On or about January 1, 2007, PLAINTIFFS' son Nadav Berger initiated a new licensed business venture with PLAINTIFFS which qualified as a farming enterprise reportable on Schedule F of Form 1040.

23. PLAINTIFFS reported a net business loss for this farming operation in the amount of $42,295 for the period ending December 31, 2007. DEFENDANT denied these farming business losses as an adjustment to income for Year 2007.

24. Had DEFENDANT approved the bad debt capital loss and the business loss, PLAINTIFFS would be entitled to a tax refund in the approximate amount of $27,218 for Year 2007.

25. After applying the long-term capital loss arising from the 2005 and 2006 bad debt losses, there remained a capital loss carryover in the amount of $37,225 which was duly reported on Line 14 of Schedule D. DEFENDANT denied this capital loss deduction for Year 2008.

26. PLAINTIFFS reported a net business loss for this farming operation in the amount of $34,416 for the period ending December 31, 2008. DEFENDANT denied these farming business losses as an adjustment to income for Year 2008.

27. Had DEFENDANT approved the bad debt capital loss and the business loss, PLAINTIFFS would be entitled to a tax refund in the approximate amount of $8,440 for Year 2008.

28. After applying the long-term capital loss arising from the 2005 and 2006 bad debt loss, there remained a capital loss carryover in the amount of $10,656 which was duly reported on Line 14 of Schedule D. DEFENDANT denied this capital loss deduction for Year 2009.

29. PLAINTIFFS reported a net business loss for this farming operation in the amount of $27,635 for the period ending December 31, 2009. DEFENDANT denied these farming business losses as an adjustment to income for Year 2009.

30. Had DEFENDANT approved the bad debt capital loss and the business loss, PLAINTIFFS would be entitled to a tax refund in the approximate amount of $9,353 for Year 2009.

**PRAYER FOR RELIEF**

31. Petitioners pray that the Court find that DEFENDANT's disallowance of the second amended returns for the Tax Years 2005, 2006, 2007, 2008, and 2009 was in error and that the requested claims for refunds of $18,061 for Year 2005; $31,080 for Year 2006, $27,218 for Year 2007, $8,440 for Year 2008 and $9,353 for Year 2009 be approved and paid.

Dated: July 25, 2020

KENNETH P. FEHL
Attorney for Plaintiffs
Jacob Berger and Evelyn R. Berger
United States Tax Court Bar No. FK0068
California State Court Bar No. 70804

1
2
3
4
5

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of July, 2020, at Sunnyvale, California.

6
7

_____
Jacob Berger

8
9
10

Evelyn Ruth Berger

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clear Form

# In The United States Court of Federal Claims

## Cover Sheet

Plaintiff(s) or Petitioner(s)

Names: Jacob Berger, Evelyn Ruth Berger

Location of Plaintiff(s)/Petitioner(s) (city/state): Sunnyvale, California

(If this is a multi-plaintiff case, pursuant to RCFC 20(a), please use a separate sheet to list additional plaintiffs.)

Name of the attorney of record (See RCFC 83.1(c)): Kenneth P. Fehl

Firm Name: Law Office of Kenneth P. Fehl

Contact information for pro se plaintiff/petitioner or attorney of record:

Post Office Box:

Street Address: 736 East Meadow Drive

City-State-ZIP: Palo Alto, California 94303-4444

Telephone & Facsimile Numbers: 650-856-3440. Fax: 650-856-0413

E-mail Address: kenneth@kpflegal.com

Is the attorney of record admitted to the Court of Federal Claims Bar?   ◯ Yes  ◉ No

Nature of Suit Code: 212
Select only one (three digit) nature-of-suit code from the attached sheet.

Amount Claimed: $ 94,512.00
Use estimate if specific amount is not pleaded.

Agency Identification Code: TRE

Number of Claims Involved: Five

Bid Protest Case (required for NOS 138 and 140):
Indicate approximate dollar amount of procurement at issue: $ _____

Is plaintiff a small business?   ◯ Yes  ◉ No

Was this action preceded by the filing of a protest before the GAO?   ◯ Yes  ◉ No   GAO Solicitation No. _____

If yes, was a decision on the merits rendered?   ◯ Yes  ◯ No

Income Tax (Partnership) Case:
Identify partnership or partnership group: _____

Takings Case:
Specify Location of Property (city/state): _____

Vaccine Case:
Date of Vaccination: _____

Related Case:
Is this case directly related to any pending or previously filed case(s) in the United States Court of Federal Claims? If yes, you are required to file a separate notice of directly related case(s). See RCFC 40.2.   ◯ Yes  ◉ No

178